```
                  UNITED STATES BANKRUPTCY COURT
                  NORTHERN DISTRICT OF GEORGIA
                         ROME DIVISION

IN RE:  ANGELA L. THORNLEY,           {  CHAPTER 13
                                      {
        DEBTOR(S)                     {  CASE NO. R18-40578-BEM
                                      {
                                      {  JUDGE   ELLIS-MONRO
```

**OBJECTION TO CONFIRMATION**

COMES NOW Mary Ida Townson, TRUSTEE herein, and objects to Confirmation of the plan for the following reasons:

1. The Debtor(s)' payments under the proposed plan are not current.

2. The Plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d). (66 months).

3. The proposed plan fails to provide for the treatment of Internal Revenue Service. However, said creditor has filed a secured/priority claim; specifically, the secured portion of the claim.

4. Pursuant to information received from the Internal Revenue Service, 2017 tax returns have not been provided to the taxing authorities; thereby, preventing the Chapter 13 Trustee from evaluating the feasibility of the Chapter 13 plan, in violation of 11 U.S.C. Sections 1322(d) and 1325(a)(6).

5. Debtor's plan Section 3.3 omits post confirmation payments for creditor American's Car-Mart.

5. Pursuant to testimony at the meeting of creditors, the Debtor has a domestic support obligation. The plan fails to provide any information regarding this obligation. Prior to confirmation the Debtor must provide to the Trustee evidence that they have maintained all payments that have come due since the filing of the petition. 11 U.S.C. Section 1325(a)(8).

Mary Ida Townson, Chapter 13 Trustee
Suite 2200
191 Peachtree Street, N.E.
Atlanta, GA 30303-1740
404-525-1110
albert@atlch13tt.com

      6.  The Chapter 13 budget fails to include expenses for domestic support obligation payments of $25.84 per week for one (1) year; thereby, possibly rendering the proposed Chapter 13 plan payment to be infeasible, in violation of 11 U.S.C. Section 1325(a)(6).

      7.  The Debtor(s)' Chapter 13 plan fails to provide for an increase in payments when direct payments at $25.84 per week for Domestic support obligation payments end; may show lack of good faith or create a disposable income problem in violation of 11 U.S.C. Sections 1325(a)(3) and 1325(b)(2)(A).

      8.  The Debtor(s)' plan does not provide for payment of all of the Debtor(s)' disposable income to the Trustee for thirty-six (36) or more months as required by 11 U.S.C. Section 1325(b)(1)(B).

      9.  The Debtor(s) has failed to provide adequate notice to Tyler Thornley, in violation of 11 U.S.C. Section 342.

      WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny confirmation of this Debtor's(s') Plan and to dismiss the case; or, in the alternative, convert the case to one under Chapter 7.

      April 18, 2018

                                              /s  
                                  Albert C. Guthrie, Esq.  
                                  for Chapter 13 Trustee  
                                  GA Bar No. 142399

Mary Ida Townson, Chapter 13 Trustee  
Suite 2200  
191 Peachtree Street, N.E.  
Atlanta, GA 30303-1740  
404-525-1110  
albert@atlch13tt.com

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served

DEBTOR(S):

ANGELA L. THORNLEY
712 SKYLARK PL
APT 201
DALTON, GA 30720

ATTORNEY FOR DEBTOR(S):

BRIAN R. CAHN & ASSOCIATES
5 S. PUBLIC SQUARE
CARTERSVILLE, GA 30120

in the above in the foregoing matter with a copy of this pleading by depositing same in the United States Mail in a properly addressed envelope with adequate postage thereon.

This 18th day of April, 2018

_____/s_____
Albert C. Guthrie, Esq.
for Chapter 13 Trustee
GA Bar No. 142399

Mary Ida Townson, Chapter 13 Trustee
Suite 2200
191 Peachtree Street, N.E.
Atlanta, GA 30303-1740
404-525-1110
albert@atlch13tt.com